UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　　　*Plaintiff-Appellee,*

v.

SHANNELL LOWE, a/k/a Shennelle
Lowe,

　　　　　　　　*Defendant-Appellant.*

No. 01-4148

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-00-363)

Argued: September 28, 2001

Decided: November 6, 2001

Before WILKINS, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Joseph John McCarthy, DELANEY, MCCARTHY,
COLTON & BOTZIN, P.C., Alexandria, Virginia, for Appellant.
David Jay Ignall, Special Assistant United States Attorney, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee. **ON BRIEF:** Kenneth E. Melson, United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Shannell Lowe appeals her conviction for counterfeiting securities, *see* 18 U.S.C.A. § 513(a) (West 2000), arguing that the district court erred in refusing to dismiss her indictment on the ground of prosecutorial vindictiveness. Finding no error, we affirm.

### I.

Lowe was indicted in March 2000 on 21 counts of bank fraud, *see* 18 U.S.C.A. § 1344 (West 2000), based on her involvement with a number of individuals who obtained stolen checkbooks from the United States mail and used the checks to purchase merchandise from retail stores. In April 2000, after all of her codefendants had pled guilty, the district court granted Lowe's motion to dismiss the indictment on the ground that the facts alleged did not constitute bank fraud because retail stores, not federally insured institutions, were the victims of the alleged conduct.

In October 2000, Lowe was indicted for 12 counts of counterfeiting of securities based on the same facts alleged in the previous indictment.[1] Lowe moved to dismiss this indictment on the ground of prosecutorial vindictiveness, arguing that the second indictment was motivated by the Government's desire to punish her for successfully dismissing the initial indictment and to discourage her codefendants from filing petitions under 28 U.S.C.A. § 2255 (West Supp. 2001). The district court denied the motion, and Lowe entered a conditional guilty plea to one count of counterfeiting securities, reserving her right to appeal the denial of her motion to dismiss.

---

[1]The Government had moved to dismiss nine of the counts from the original indictment before that indictment was dismissed for failure to allege facts constituting bank fraud.

## II.

Lowe contends that the district court erred in denying her motion to dismiss the second indictment on the ground of prosecutorial vindictiveness. She does not argue that there is any direct evidence of improper motive on the part of the Government. Rather, she claims that the circumstances under which she was indicted give rise to a presumption of vindictiveness. We disagree.

To punish an individual for her decision to exercise her legal rights constitutes a violation of due process. *See United States v. Goodwin*, 457 U.S. 368, 372 (1982). Direct evidence of improper governmental motive is not always required to establish prosecutorial vindictiveness because under certain circumstances an improper motive on the part of the prosecutor is presumed. *See United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). However, the presumption arises "only in cases in which a reasonable likelihood of vindictiveness exists." *Goodwin*, 457 U.S. at 373; *see Wilson*, 262 F.3d at 317-18. The "threshold question" in analyzing a vindictiveness claim is whether the defendant faced exposure to increased punishment after exercising his legal rights. *Byrd v. McKaskle*, 733 F.2d 1133, 1136 (5th Cir. 1984). We review de novo a district court decision regarding whether the evidence presented gives rise to a presumption of vindictive prosecution. *See Wilson*, 262 F.3d at 316.

Here, there is no reasonable likelihood that the Government's decision to seek the second indictment was motivated by a desire to punish Lowe for exercising her legal rights or to deter her codefendants from exercising theirs. No presumption arises because the second indictment exposed Lowe to less punishment than the indictment the district court dismissed.[2] And, no other circumstance supports the

---

[2]Bank fraud, the crime for which Lowe and her codefendants were initially indicted, is a Class B felony carrying a maximum penalty of 30 years imprisonment and a $1,000,000 fine. *See* 18 U.S.C.A. § 1344; 18 U.S.C.A. § 3559(a)(2) (West 2000). Counterfeiting securities, the crime for which Lowe was subsequently indicted, is a Class C felony carrying a maximum penalty of only 10 years imprisonment and a $250,000 fine. *See* 18 U.S.C.A. § 513(a); 18 U.S.C.A. § 3571(b)(3) (West 2000); 18 U.S.C.A. § 3559(a)(3) (West 2000).

conclusion that it was Lowe's exercise of her legal rights, rather than Lowe's participation in the criminal scheme, that the Government sought to punish. We therefore conclude that the district court correctly refused to dismiss Lowe's indictment.

## III.

For the foregoing reasons, Lowe's conviction is affirmed.

*AFFIRMED*